# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| ANGELA KIRBY, ) | |
| ) | No. 4:13-cv-3138-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Magistrate Judge Thomas W. Rogers, III's Report and Recommendation ("R&R") that the court affirm Commissioner of Social Security Carolyn Colvin's decision denying claimant Angela Kirby's ("Kirby") application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Kirby filed objections to the R&R. For the reasons set forth below, the court rejects the R&R, reverses the Commissioner's decision, and remands for further administrative proceedings.

## I.  BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A.     Procedural History

Kirby first filed an application for SSI and DIB on February 14, 2006, alleging she had been disabled since September 1, 2004. The Social Security Administration ("the Agency") denied Kirby's application both initially and on reconsideration. Kirby requested a hearing before an administrative law judge ("ALJ"), and ALJ Ann G. Paschall presided over a hearing held on September 4, 2008. In a decision issued on November 19, 2008, the ALJ determined that Kirby was not disabled. Kirby requested

Appeals Council review of the ALJ's decision. This decision became the final decision of the Commissioner when the Appeals Council denied further review on June 7, 2010. Kirby sought judicial review on July 30, 2010. By order of the court dated February 27, 2012, the decision of the Commissioner was reversed and remanded for further proceedings.[1]

Pursuant to the court's remand regarding Kirby's first application for SSI and DIB, a hearing was held on September 25, 2012. In a decision issued on April 3, 2013, the ALJ again determined that Kirby was not disabled. This decision became the final decision of the Commissioner when the Appeals Council denied further review on September 20, 2013.

On July 30, 2010, Kirby filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on January 12, 2015, recommending that this court affirm the ALJ's decision. Kirby filed objections to the R&R on January 28, 2015 and the Commissioner responded to Kirby's objections on February 17, 2015. The matter is now ripe for the court's review.

### B.     Medical History

Because the parties are familiar with Kirby's medical history, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Kirby was thirty-

---

[1] In addition to appealing the November 2008 ALJ decision to the district court, Kirby also filed a second application for SSI on June 23, 2010, alleging disability since November 18, 2008. Tr. 634. The Agency denied Kirby's application both initially and on reconsideration. Id. Kirby requested a hearing before an ALJ, and ALJ Juliana P. Heaton presided over a video hearing held on November 22, 2011. Id. In a decision issued on December 8, 2011, the ALJ determined that Kirby was not disabled. Tr. 647. Kirby requested Appeals Council review of the ALJ's decision. This decision became the final decision of the Commissioner when the Appeals Council denied further review on May 18, 2012. Tr. 669. By order of the court dated March 25, 2014, the decision of the Commissioner was affirmed.

four years old at the time of her alleged disability onset date. She has a limited education and past relevant work experience as a personal care assistant.

### C.     ALJ's Decision

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). "If an applicant's claim fails

at any step of the [sequential evaluation] process, the ALJ need not advance to the subsequent steps." Id. (citing Hunter, 993 F.2d at 35).

To determine whether Kirby was disabled from September 1, 2004 through June 22, 2010,[2] the ALJ employed the statutorily-required five-step sequential evaluation process. At step one, the ALJ found that Kirby did not engage in substantial gainful activity during the period at issue. Tr. 532. At step two, the ALJ found that Kirby suffered from the following severe impairments: depression and anxiety. Id. At step three, the ALJ found that Kirby's impairments or combination thereof did not meet or medically equal one of the impairments listed in the Agency's Listing of Impairments. Tr. 534. Before reaching the fourth step, the ALJ determined that Kirby retained the residual functional capacity ("RFC") to perform medium work except that she should be "limited to the performance of simple, repetitive, and routine tasks with correspondingly simple instructions." Tr. 536. In addition, the ALJ stated that Kirby's jobs "must further allow production pace, be low stress, and provide minimal contact with the public." Id. The ALJ found, at step four, that Kirby was unable to perform any of her past relevant work. Tr. 544. Finally, at step five, the ALJ determined that considering Kirby's age, education, work experience and RFC, she could perform jobs existing in significant numbers in the national economy, and therefore concluded that she was not disabled during the period at issue. Id.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. §

---

[2] Due to the procedural posture of this case, the ALJ's jurisdiction extends only to June 22, 2010, the day before the filing date of Kirby's subsequent application for SSI. Tr. 530.

636(b)(1). This court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id.

### III.  DISCUSSION

Kirby objects to the R&R on the ground that the magistrate judge erred in finding that the ALJ properly evaluated the opinion evidence. Pl.'s Objections 1. Specifically, she argues that the ALJ "improperly gave little weight to a substantial number of treating and examining medical opinions which supported a finding of disability." Id.

Social Security regulations require the ALJ to consider all of the medical opinions in a claimant's case record, as well as the rest of the relevant evidence. 20 C.F.R. § 404.1527(c). Medical opinions are evaluated pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion,

(4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.  Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005).

Regulations require that a treating physician's opinion be given controlling weight if that opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record.  20 C.F.R. § 404.1527(c)(2); see, e.g., Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001).  "By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."  Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).  In such a circumstance, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence."  Mastro, 270 F.3d at 178.

If a treating physician's opinion does not merit controlling weight, the ALJ is to evaluate it using the following factors:  (1) whether the physician has examined the applicant; (2) the nature and extent of the treatment relationship; (3) the extent to which the opinion is supported by relevant medical evidence; (4) the extent to which the opinion is consistent with the record as a whole; (5) the relevance of the physician's medical specialization to the opinion; and (6) any other factor that tends to support or contradict the opinion.  20 C.F.R. § 404.1527(c); see SSR 96–2p; Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006).  However, the Fourth Circuit has not mandated an express discussion of each factor and another court in this district has held that "an express discussion of each factor is not required as long as the ALJ demonstrates that he applied the . . . factors and provides good reasons for his decision."  Hendrix v. Astrue, No. 1:09-cv-1283, 2010 WL 3448624, at *3 (D.S.C. Sept. 1, 2010); see § 404.1527(c)(2) (requiring ALJ to give

"good reasons" for weight given to treating source's opinion). A district court will not disturb an ALJ's determination as to the weight to be assigned to a medical opinion, including the opinion of a treating physician, "absent some indication that the ALJ has dredged up 'specious inconsistencies' . . . or has not given good reason for the weight afforded a particular opinion." Craft v. Apfel, 164 F.3d 624, 1998 WL 702296, at *2 (4th Cir. 1998) (per curiam) (unpublished table decision) (internal citation omitted).

In assessing Kirby's ability to function in a work environment, the ALJ afforded "great weight" to the opinions of nonexamining sources while affording little to no weight to the opinions of Kirby's treating sources. Tr. 541–543; see 20 C.F.R. §§ 404.1527(d) (1), (2) (stating that generally more weight is given to the opinions of an examining source than a nonexamining source, and to sources with a treating relationship with the claimant); 416.927(d) (1), (2) (same). Specifically, the ALJ gave great weight to the opinions of the state agency consultants Dr. Robbie Ronin and Debra Price, Ph.D. Tr. 538–541. The ALJ summarized their findings as follows:

> In April 2006, state agency psychological consultant, Dr. Robbie Ronin, completed a psychiatric review technique form (PRFT), finding that claimant suffered from depression and anxiety. Dr. Ronin assessed mild difficulties in activities of daily living, moderate limitations in social functioning and concentration, persistence and pace, with no episodes of decompensation. (Exhibit 8F). Debra Price, Ph.D., another state agency consultant, reached the same conclusion in July 2006. (Exhibit 12F).

Tr. 538–539.

Notably, when these state agency consultants rendered their opinions, they did not have the benefit of subsequent medical records and opinions from treating and examining sources. For example, on January 15, 2007, treating physician Marilu Nazareno M.D. diagnosed Kirby with major depression and anxiety disorder and opined that Kirby

7

"could not perform even sedentary work due to her depression." Tr. 306, 539. In addition, Martha Skelton-Patrick ("Skelton-Patrick), LISW-CP, counseled Kirby from July 2007 to September 2008 and opined that Kirby would be "unemployable until she could cope with her problems." Id. at 539. In medical records dated September 4, 2008, Skelton-Patrick noted that "Angela Kirby is presently unable to cope with daily life and often has depressive episodes in which she spends days at home crying." Id. at 474. She further stated that Kirby "cannot work in public as she has frequent panic attacks and will leave public places to return home, e.g., before her shopping or errands are completed." Id.

Further, on February 25, 2010, Heather Esquivel M.D. opined "that as a result of the combined impact of [Kirby's] chronic impairments, she would likely be unable to maintain employment for any significant period, now or in the future." Tr. 540. Finally, in October 2006 medical records, treating physician Dr. Delfin F. Valite M.D. noted that Kirby "was quite depressed and minimally interactive." Tr. 539. On March 15, 2010, he further stated that "during the time he treated [Kirby in 2006 and 2007], she would not have been able to attend work regularly, had significant difficulty concentrating, and would have difficulty interacting with co-workers and supervisors." Id. at 540.

Without the benefit of this later evidence informing the opinions of the state agency consultants, the court cannot determine whether the ALJ's decision to afford great weight to the nonexamining state agency consultants is supported by substantial evidence. Another court in this district has previously found that such an error warrants remand. See Rogers v. Colvin, No. 0:12-2210, 2014 WL 1330088, at *4 (D.S.C. Mar. 31, 2014). In Rogers v. Colvin, the ALJ similarly "gave greater weight to the opinions of

nonexamining sources rather than Plaintiff's treating sources." 2014 WL 1330088, at *3. "And he did so when the nonexamining sources did not have the benefit of subsequent opinions from treating and examining sources." Id. The court found that because it could not "discern from the present record whether the ALJ's decision [was] supported by substantial evidence," remand was appropriate. Id. at *4. On remand, the court directed the Commissioner to submit the subsequent opinions from treating and examining sources to the nonexamining sources for further consideration. Id.

In light of Rogers, this court finds remand is likewise appropriate here. The Commissioner is directed to submit the subsequent medical records and opinions from treating and examining sources to the nonexamining sources for further consideration. Because the court finds remand is warranted on this basis, it will not address Kirby's other grounds for remand.

## IV.  CONCLUSION

Based on the foregoing, the court **REJECTS** the R&R, **REVERSES** the Commissioner's decision, and **REMANDS** under sentence four of 42 U.S.C. §405(g) for further proceedings.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 10, 2015**
**Charleston, South Carolina**