# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| ANGELA KIRBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:13-cv-3138-DCN |
| vs. ) | |
| ) | **ORDER** |
| NANCY A. BERRYHILL, *Acting* ) | |
| *Commissioner of the Social Security* ) | |
| *Administration*,[1] ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on a motion for attorney's fees filed by claimant Angela Kirby ("Kirby") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Kirby requests $5,788.29 in attorney's fees on the ground that she is a prevailing party under the EAJA. ECF No. 30 at 2. Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, (the "Commissioner") argues that Kirby is not entitled to such fees and costs because the Commissioner's position in this litigation was substantially justified. The court finds that the Commissioner's position was substantially justified and denies Kirby's motion for attorney's fees.

## I. BACKGROUND

Kirby filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI") on February 14, 2006, alleging disability beginning on September 1, 2004. The Social Security Administration denied Kirby's claim initially and on reconsideration. Kirby requested a hearing before an administrative law judge

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security; therefore, she is substituted as the named defendant pursuant to Federal Rule of Civil Procedure 25(d).

1

("ALJ"), and a hearing was held on September 4, 2008. The ALJ issued her decision on November 19, 2008, finding that Kirby was not disabled under the Social Security Act. This decision became the final decision of the Commissioner when the Appeals Council denied further review on June 7, 2010. Kirby sought judicial review on July 30, 2010. By order of the court dated February 27, 2012, the decision of the Commissioner was reversed and remanded for further proceedings.[2]

Pursuant to the court's remand concerning Kirby's first application for SSI and DIB, a hearing was held on September 25, 2012. In a decision issued on April 3, 2013, the ALJ again determined that Kirby was not disabled. The Appeals Council declined to review the ALJ's decision, and Kirby filed the instant action on November 19, 2013. The magistrate judge issued a Report and Recommendation ("R&R") on January 12, 2015, recommending that the Commissioner's decision be affirmed. Kirby objected to the R&R on January 28, 2015, and the Commissioner filed a brief reply to Kirby's objections on February 17, 2015. Upon review, this court rejected the magistrate judge's R&R on March 10, 2015, reversed the Commissioner's decision, and remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).[3]

---

[2] In addition to appealing the November 2008 ALJ decision to the district court, Kirby also filed a second application for SSI on June 23, 2010, alleging disability since November 18, 2008. Tr. 634. The Agency denied Kirby's application both initially and on reconsideration. Id. Kirby requested a hearing before an ALJ, and ALJ Juliana P. Heaton presided over a video hearing held on November 22, 2011. Id. In a decision issued on December 8, 2011, the ALJ determined that Kirby was not disabled. Tr. 647. Kirby requested Appeals Council review of the ALJ's decision. This decision became the final decision of the Commissioner when the Appeals Council denied further review on May 18, 2012. Tr. 669. By order of the court dated March 25, 2014, the decision of the Commissioner was affirmed.

[3] The court remanded the action because it was unable to determine whether the ALJ's decision to afford great weight to the non-examining state agency consultants is supported by substantial evidence. Mar. 10, 2015 Order 8. Notably, the court's order expressed no view as to the merits of Kirby's claim.

## II. DISCUSSION

### A. Prevailing Party

Under the EAJA, a court must award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances render an award unjust. 28 U.S.C. § 2412(d)(1)(A). To qualify as a "prevailing party," a party "must succeed on the merits of a claim." S-1 By & Through P-1 v. State Bd. of Educ. of N.C., 6 F.3d 160, 170 (4th Cir. 1993) (Wilkinson, J., dissenting), adopted as majority opinion, 21 F.3d 49 (4th Cir. 1994) (en banc). "In other words, success must be something buttressed by a court's authority or required by a rule of law. The lawsuit must materially alter the 'legal relationship' between plaintiffs and defendants." Id. Because this court reversed and remanded Kirby's case to the Commissioner for administrative action pursuant to 42 U.S.C. § 405(g), Kirby is considered the "prevailing party" under the EAJA.[4] See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

### B. Substantially Justified

The government has the burden of proving that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991). Evaluating whether the government's position was substantially justified is not an "issue-by-issue analysis" but an examination of the "totality of circumstances." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993); see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major

---

[4] "A party who wins remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes." Plowden v. Astrue, C/A No. 4:10-319-JFA-TER, 2011 WL 4344174, at *1 n.1 (D.S.C. Sept. 14, 2011) (citing Shalala v. Schaefer, 509 U.S. 292, 300–02 (1993)). Neither party contests that Kirby is the prevailing party.

3

litigation."). "The government's position must be substantially justified in both fact and law." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). "The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney's fees." Crawford, 935 F.2d at 658; see also Adams v. Barnhart, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) ("Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified."). There is no presumption that losing the case means that the government's position was not substantially justified. Crawford, 935 F.2d at 656.

### 1. Treating Physician Testimony

In assessing Kirby's ability to function in a work environment, the ALJ afforded "great weight" to the opinions of non-examining sources while affording little to no weight to the opinions of Kirby's treating sources.[5] Tr. 541–543. Notably, when these state agency consultants rendered their opinions, they did not have the benefit of subsequent medical records and opinions from treating and examining sources.

In the instant motion, Kirby argues that the Commissioner's position in this action was unreasonable because the ALJ improperly rejected the opinions of Dr. Valite,[6] Kirby's long-term treating psychiatrist, "in favor of opinions from non-examining doctors who never met Kirby and who did not see the entire record[.]" Br. in Supp. of Mot. for

---

[5] The court notes that the ALJ gave great weight to Dr. Cox's and Dr. Valite's opinions provided in their contemporaneous treatment records. Tr. 542–43.
[6] In addition to Dr. Valite, without naming anyone specifically, Kirby claims that the ALJ rejected other treating and examining providers' opinions. Br. in Supp. of Mot. for Attorney's Fees 7.

Attorney's Fees 7. Kirby contends that the non-examining doctors, whose opinions were given great weight, were never aware of the conclusions of the treating doctors who had examined Kirby. Id. In opposition, the government contends that it was substantially justified because the magistrate judge, acting as a reasonable person, recommended affirming the ALJ's decision. Def.'s Resp. to Mot. for Attorney's Fees 2.

As a threshold matter, the court is unaware of any precedent that a favorable R&R in and of itself is sufficient to satisfy the "substantial justification" standard for an EAJA fee motion. Certainly, courts have found that a favorable R&R may weigh in favor of finding that the government was substantially justified in taking a certain position. See McKoy v. Colvin, C/A No. 4:12-1663-CMC-TER, 2013 WL 6780585, at *3 (D.S.C. Dec. 19, 2013) (finding that an R&R which affirmed the Commissioner's position was one factor—but not the determinative factor—to suggest that the Commissioner's position was substantially justified). However, the magistrate judge's recommendation that the court affirm the Commissioner's decision is not determinative of whether the Commissioner's position was substantially justified. Myers v. Barnhart, 518 F. Supp. 2d 653, 656 (D.S.C. 2006) (citation omitted) (finding "the fact that this court remanded the case to the Commissioner does not mean that Plaintiff is entitled to attorney's fees"). Therefore, in the instant action, the magistrate judge's recommendation to affirm the Commissioner's decision to deny benefits is simply one factor that the court considers.

With respect to the treating physician rule, regulations require that a treating physician's opinion be given controlling weight if that opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2); see, e.g.,

Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). "By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). In such a circumstance, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Mastro, 270 F.3d at 178. A district court will not disturb an ALJ's determination as to the weight to be assigned to a medical opinion, including the opinion of a treating physician, "absent some indication that the ALJ has dredged up 'specious inconsistencies' . . . or has not given good reason for the weight afforded a particular opinion." Craft v. Apfel, 164 F.3d 624, 1998 WL 702296, at *2 (4th Cir. 1998) (per curiam) (unpublished table decision) (citations omitted).

As stated above, attorney's fees should not be awarded if the government's position is substantially justified on facts and law. Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992). The court notes that its rejection of the R&R and remand constitute neither a finding that the ALJ was incorrect in ruling that Kirby was not disabled nor that the ALJ improperly assigned great weight to the non-examining state agency consultants. Instead, the court remanded the case to allow the non-examining sources an opportunity to consider the subsequent opinions from the treating and examining sources because the court was unable to determine whether the ALJ's decision to afford greater weight to the non-examining state agency consultants is supported by substantial evidence."[7] Mar. 10,

---

[7] The court notes that it was unable to determine whether the ALJ's decision was supported by substantial evidence, as opposed to finding the ALJ's decision was not supported by substantial evidence. Mar. 15, 2010 Order 8. Nevertheless, the court notes that the Fourth Circuit has "rejected the argument that a claimant is entitled to attorney's fees under the EAJA simply because an ALJ's decision was not supported by substantial

6

2015 Order 8 (stating without the benefit of "subsequent medical records and opinions from treating and examining sources" apprising "the opinions of the state agency consultants, the court cannot determine whether the ALJ's decision to afford great weight to the non[-]examining state agency consultants is supported by substantial evidence").

While the court found that the non-examining sources needed the benefit of the evidence subsequently submitted by the treating physicians, the court acknowledges that there was evidence in the record that could have led a reasonable person to believe that Kirby was not completely disabled and that could have led a reasonable person to heavily rely on the opinions from non-examining sources. See Tr. 539–44 (explaining why the ALJ assigned certain weight to each of the medical sources and that she considered all the evidence in the record); R&R 35, 37–38 (emphasis added) (citing an abundance of documents to support the magistrate judge's recommendation to affirm the ALJ's decision and stating "[a]fter careful review and consideration, the [c]ourt finds that the ALJ appropriately considered and evaluated all of the opinion evidence of record"). Furthermore, the court's opinion indicates that it is possible that on remand the ALJ may determine again that Kirby is not entitled to benefits and may assign again greater weight to the non-examining state agency consultants. In addition, this conclusion is bolstered by the fact that the magistrate judge, after a thorough examination of the materials of this case, recommended that the ruling of the ALJ be affirmed. Therefore, the court holds that the government's position in opposing Kirby's act of seeking benefits was substantially justified. Accordingly, Kirby is not entitled to an award of attorney's fees.

---

evidence." Strong v. Comm'r of Soc. Sec., 461 F. App'x. 299, 300 (4th Cir. 2012) (per curiam) (citation omitted).

## III. CONCLUSION

For these reasons, the court concludes that the Commissioner has met her burden of showing that her position was substantially justified. Therefore, the court **DENIES** Kirby's motion for attorney's fees.

**AND IT IS SO ORDERED.**

---
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

November 6, 2017
Charleston, South Carolina